**O**

# United States District Court
# Central District of California

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY INC.; DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-02565-ODW(MANx)<br><br>**ORDER GRANTING EX PARTE APPLICATION [21]** |

After Defendant J.C. Penney Company Inc. had moved to dismiss Plaintiff Deckers Outdoor Corporation's Complaint for failure to state a claim, Deckers mooted the issue by filing an amended complaint. (ECF No. 18.) J.C. Penney sought an extension of time to respond to the First Amended Complaint from Deckers, but Deckers declined to stipulate to an extension. This Ex Parte Application ensued in which J.C. Penney seeks an extension until August 6, 2014, to respond. (ECF No. 21.) The Court **GRANTS** that Application, extending the response deadline until August 6, 2014.

Federal Rule of Civil Procedure 4(a)(3) provides that when a party files an amended pleading, the opposing party must respond "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." If a party wishes to extend a deadline by which it must

respond, the court may extend the deadline for "good cause" if the party moves for the extension before expiration of the period. Fed. R. Civ. P. 6(b)(1)(A).

J.C. Penney had already filed a full motion to dismiss Deckers's original Complaint when Deckers mooted the issue by filing its First Amended Complaint. Deckers therefore has only 14 days to respond to the amended complaint per Rule 4(a)(3). Since J.C. Penney wishes to file another dismissal motion, it seeks additional time, citing its counsel's busy schedule and Deckers's alleged bad-faith conduct in not agreeing to an extension.

Deckers of course opposes the extension, arguing that J.C. Penney has failed to establish the requisite good cause for extending the response deadline. It contends that a busy schedule does not satisfy the standard.

An ex parte application such as this one rarely satisfies the elements set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). But without the opposing party stipulating to the extension, a regularly noticed motion would unnecessarily elongate the dispute. The Court therefore does not fault J.C. Penney for filing this request as an ex parte application—especially since Deckers was well aware of the request in advance of the filing date.

Given that J.C. Penney now has to revise its previously filed dismissal motion solely because Deckers chose to file its First Amended Complaint, J.C. Penney should not be unnecessarily prejudiced by the rather short 14-day response window. The Court therefore **GRANTS** the Application and allows J.C. Penney to answer or otherwise respond by **August 6, 2014**. (ECF No. 21.)

**IT IS SO ORDERED.**

July 15, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**