Todd M. Lander (SBN 173031)
todd.lander@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Tel.: 310-255-6100
Fax: 310-255-6200

Jane Ann R. Neiswender (admitted *pro hac vice*)
jneiswen@jcp.com
Legal Department
JCPenney
6501 Legacy Drive
Plano, Texas 75024
Attorneys for Defendant
J. C. Penney Company, Inc.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 14-cv-02565-ODW(MANx)<br><br>Judge: Honorable Otis D. Wright<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF J. C. PENNEY COMPANY, INC.'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Amended Complaint Filed: July 2, 2014<br>Trial Date:    None Set |

Defendant J.C. Penney Company, Inc. hereby submits its memorandum of points and authorities in support of its motion to dismiss the amended complaint in the above matter.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I. INTRODUCTION ............................................................................................................. 1

II. PLEADING STANDARD ................................................................................................ 2

III. THE COURT SHOULD DISMISS DECKERS' FALSE DESIGNATION OF ORIGIN/FALSE DESCRIPTION CLAIM WITH PREJUDICE ................................... 3

    A. Deckers' False Designation of Origin/False Description Claim Should Be Dismissed in Light of the Supreme Court's *Dastar* Decision ................................. 3

    B. Deckers Again Fails to Allege Facts to Support Its False Designation of Origin/False Description Claim .................................................................................. 5

IV. THE COURT SHOULD DISMISS ALL CLAIMS BASED ON THE D616,189 PATENT ............................................................................................................................ 8

V. DECKERS' CLAIM FOR WILLFUL INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO ALLEGE ACTUAL KNOWLEDGE ....................... 10

VI. DECKERS' STATE LAW UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED ................................................................................................................... 11

VII. CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*AMF, Inc. v. Sleekcraft Boats*
    599 F.2d 341 (9th Cir. 1979) ................................................................. 7

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................................... 2

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955, (2007) .................................................... 2

*Capcom Co. v. MKR Grp., Inc.*
    No. C 08-0904 RS, 2008 U.S. Dist. LEXIS 83836, at * 44-45 (N.D. Cal. Oct. 10, 2008) ............................................................................ 12

*Dastar Corp. v. Twentieth Century Fox Film Corp.*
    539 U.S. 23, 123 S. Ct. 2041 (2003) ............................................. 3, 4, 5

*Egyptian Goddess, Inc. v. Swisa, Inc.*
    543 F.3d 665 (Fed. Cir. 2008) ................................................................. 9

*Fractional Villas*
    2009 U.S. Dist. LEXIS 4191, at * 11 ...................................................... 8

*Fractional Villas, Inc. v. Tahoe Clubhouse*
    Case No. 08cv1396-IEG-POR, 2009 U.S. Dist. LEXIS 4191, at *10 (S.D. Cal. Jan. 22, 2009) ............................................................................ 5

*In re Seagate Tech., LLC*
    497 F.3d 1360 (Fed. Cir. 2007) ............................................................. 10

*Int'l Order of Job's Daughters v. Lindeburg & Co.*
    633 F.2d 912 (9th Cir. 1980) ................................................................... 3

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*
    Case No. C 09-5939 PJH, 2010 U.S. Dist. LEXIS 99963, at *12-13 (N.D. Cal. Sept. 9, 2010) ............................................................................ 8

*Robert Bosch Healthcare Sys. v. Express MD Solutions, LLC*
    No. C 12-00068 JW, 2012 U.S. Dist. LEXIS 98641, at *8 (N.D. Cal. July 10, 2012) ............................................................................ 11

*State Indus. v. A.O. Smith Corp.*
    751 F.2d 1226 (Fed. Cir. 1985) ............................................................. 10

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*
    7 F.3d 1434 (9th Cir. 1993) ............................................................ 11, 12

*Summit Tech. v. High-Line Med. Instruments, Co.*
    933 F. Supp. 918 (C.D. Cal. 1996) ......................................................... 6

*Two Pesos v. Taco Cabana*
    505 U.S. 763, 112 S. Ct. 2753 (1992) ..................................................... 8

**Statutes**

15 U.S.C. § 1125(a)..............................................................................................8

Lanham Act, 15 U.S.C. § 1051 *et seq.* ..................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Deckers' First Amended Complaint ("Amended Complaint") is legally untenable and the Court should dismiss it. In this case, Deckers sues J. C. Penney Company, Inc. ("JCPenney")[2] to prohibit the sale of footwear that Deckers claims looks similar to its self-described Bailey Button boot. In other words, Deckers seeks to chill competition and monopolize the marketplace for any boot that shares the same basic, functional design as Deckers' product. The law does not permit such backdoor monopolization and, for this reason, JCPenney respectfully urges the Court to dismiss Deckers' Amended Complaint.

Deckers alleges trade dress infringement, false designation of origin/false description, design patent infringement, federal unfair competition, and unfair competition under California common law. All of these claims are rooted in Deckers' generic contention that JCPenney is selling boots that look like the Bailey Button boot. But the Amended Complaint fails to allege facts to support these claims. For example, Deckers generally asserts that JCPenney is causing customer confusion, but does not contend (and cannot) that JCPenney is selling goods under Deckers' brand label or any confusingly similar label. To the contrary, the exhibits to the Amended Complaint demonstrate that JCPenney markets the Accused Boots under The Original Arizona Jean Co.® brand (a private JCPenney label), establishing that JCPenney accurately defines the source of origin of the Accused Boots for consumers. Nor does Deckers allege—because it cannot—that JCPenney is selling Deckers' products as its own.

Deckers should not be permitted to use litigation to stifle market competition. Accordingly, the Court should not permit the untenable claims and conclusory

---

[2] As with its Original Complaint, Deckers has incorrectly named J. C. Penney Company, Inc. as the Defendant in this matter. The proper Defendant should be J. C. Penney Corporation, Inc.

allegations in the Amended Complaint to go forward against JCPenney. Specifically, Deckers' false designation of origin/false designation claim fails because JCPenney indisputably designated the origin of its goods accurately (as the law defines the term) and because Deckers fails to include the requisite facts necessary to support liability. In particular, Deckers fails to present facts sufficient to show customer confusion—a flaw also fatal to its trade dress infringement and unfair competition claims.

The Amended Complaint's design patent infringement claim must also be dismissed because, among other things, JCPenney's Accused Boots are short boots with a single toggle, in stark contrast to the tall boot with three button closures claimed in the D616,189 patent. Deckers' willful infringement claim is defective because Deckers fails to plead any actual facts that, if true, would suggest JCPenney had prior knowledge of Deckers' patent claims. Finally, Deckers' common law unfair competition claim is preempted.

For these reasons, and those explained below, JCPenney respectfully requests that the Court dismiss with prejudice Deckers' claims for (1) trade dress infringement; (2) false designation of origin/false description; (3) federal unfair competition; (4) infringement of the '189 patent; and (5) unfair competition under California common law.

## II. PLEADING STANDARD

To survive a motion to dismiss, a party asserting a claim must provide sufficient facts that, if "accepted as true, . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant

has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Where plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III. THE COURT SHOULD DISMISS DECKERS' FALSE DESIGNATION OF ORIGIN/FALSE DESCRIPTION CLAIM WITH PREJUDICE

This Court should dismiss with prejudice Deckers' claim for false designation of origin/false description[3] for at least two independent reasons. First, United States Supreme Court authority precludes Deckers' claim. Second, even if Deckers' claim were cognizable, Deckers has again failed to plead facts sufficient to support it.

### A. Deckers' False Designation of Origin/False Description Claim Should Be Dismissed in Light of the Supreme Court's *Dastar* Decision

The Court should dismiss Deckers' Second Claim for Relief in its entirety (with prejudice) in light of the Supreme Court of the United States' decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041 (2003). The *Dastar* Court examined the meaning of "origin" of "goods" as used in Section 43(a)(1)(A) of the Lanham Act. In *Dastar*, a Twentieth Century Fox Film Corporation affiliate ("Fox") obtained the exclusive television rights to General Eisenhower's written account of the Allied campaign in Europe. Fox arranged for

---

[3] Deckers fails to cite any statutory basis for its trademark-based claims or for its "federal unfair competition" claim. *See* [Dkt. No. 18] at 7-10. As there is no federal common law for such claims, *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980), JCPenney understands that Deckers' claims are based on the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Time, Inc. to produce a 26-episode television series, "Crusade in Europe," based on the book. Crusade in Europe was first broadcast in 1949.

In 1995, and in advance of the 50th anniversary of the end of World War II, Dastar purchased tapes of the original version of the Crusade in Europe television series. Dastar edited the tapes, renamed the series "Campaigns," created new packaging, and then manufactured and sold Campaigns as its own product and at a price lower than that for Crusade in Europe. Fox sued Dastar alleging "in marketing and selling Campaigns as its own product without acknowledging its nearly wholesale reliance on the Crusade television series, Dastar has made a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . [was] likely to cause confusion . . . as to the origin . . . of [the] goods." *Id.* at 31.

The Supreme Court held Dastar was not liable for false designation of origin because it concluded that the phrase "origin of goods" in the Lanham Act "refers to the producer of tangible goods that are offered for sale, ***not*** to the ***author*** of any ***idea, concept or communication embodied in those goods***." *Id.* at 37 (emphasis added). Accordingly, where (as here) a defendant actually produced the goods at issue—even if those goods embody a plaintiff's ideas or concepts—there can be no Lanham Act violation. *Id.*

The gravamen of Deckers' false designation of origin/false designation claim is that JCPenney sold boots that Deckers alleges look like its Bailey Button boot design. [Dkt. No. 18] ¶¶ 9-10. In other words, Deckers' claim rests on an allegation that JCPenney copied Deckers' design. The Supreme Court specifically has explained this type of claim is not cognizable under the Lanham Act:

> This carefully considered limitation [that product designs are not inherently distinctive] would be entirely pointless if the "original" producer could turn around and pursue a reverse-passing-off claim under exactly the same provision of the Lanham Act. [Plaintiff] would merely have had to argue that it was the "origin" of the designs that

> [defendant] was selling as its own line. It was not, because "origin of goods" in the Lanham Act referred to the producer of the clothes and not the producer of the (potentially) copyrightable or patentable designs that the clothes embodied.

*Dastar*, 539 U.S. at 36-37.

Because Deckers' pleaded false designation of origin claim is not cognizable under the Lanham Act, the Court should dismiss it with prejudice. *See, e.g., id.* (reversing Ninth Circuit's judgment and concluding that because Dastar was the origin of the products it sold, Fox could not prevail on its Lanham Act claim); *Fractional Villas, Inc. v. Tahoe Clubhouse*, Case No. 08cv1396-IEG-POR, 2009 U.S. Dist. LEXIS 4191, at *10 (S.D. Cal. Jan. 22, 2009) (dismissing Lanham Act claim where "[p]laintiff has not accused defendants of taking tangible objects or services, repackaging them, and selling them under defendants' name").

### B. Deckers Again Fails to Allege Facts to Support Its False Designation of Origin/False Description Claim

This is the second time that Deckers has attempted to plead its false designation of origin/false description claim. Yet, other than to identify two infringing products, Deckers made no effort to correct the pleading deficiencies JCPenney previously identified.[4] Indeed, the allegations set forth in Count Two of the Amended Complaint are identical to those in Deckers' Original Complaint. *Compare* [Dkt. No. 1] ¶¶ 36-44 *with* [Dkt. No. 18] ¶¶ 37-45. Like the Original Complaint, the Amended Complaint summarily pleads:

- "The Infringing Products produced, distributed, advertised and offered for sale by Defendant bear exact and/or confusingly similar reproductions of the Bailey Boot Trade Dress elements, such as to cause a likelihood of confusion between Defendant's products and Plaintiff's products." Dkt. No. 18 at 8, ¶ 39;

---

[4] *See* [Dkt. No. 14-1] at 5-6.

- "The design of Defendant's Infringing Products is substantially the same as Plaintiff's Bailey Button Boot Trade Dress." *Id.* ¶ 40;

- "Defendant's unauthorized use of Plaintiff's Bailey Button Boot Trade Dress on merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's good when, in fact, they do not." *Id.* ¶ 41;

- "Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff." *Id.* ¶ 43.

These allegations do not plead ***facts***, let alone facts sufficient to state a plausible claim.[5] For example, Deckers does not accuse JCPenney of purchasing Deckers' Bailey Button boots, repackaging them, and selling them as JCPenney's own product. And Deckers does not allege that JCPenney made any statement that the Accused Boots JCPenney sold were Deckers' Bailey Button boots. Further, Deckers fails to identify any false representation made by JCPenney about the origin of the Accused Boots, or facts sufficient to show customer confusion.

Deckers fails to make these allegations because it cannot. Attached as Exhibit 2 to the Amended Complaint are what purport to be pages from JCPenney's website, which identify the Accused Boots. [Dkt. No. 18] ¶ 19 & Ex. 2. These exemplars show that the Accused Boots are branded The Original Arizona Jean Co.® *Id.* at Ex. 2. Neither Deckers nor UGGs is mentioned anywhere on these website pages. *Id.*

---

[5] For its false designation of origin claim, Deckers must plead "(1) defendant use[d] a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts." *Summit Tech. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 928 (C.D. Cal. 1996).

These facts show that JCPenney accurately designated the origins of its goods. As before, JCPenney and the Court are left to guess what facts support Deckers' summary conclusion (which is contrary to Exhibit 2 of the Amended Complaint) that JCPenney made a "false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods . . . ." *Id.* ¶ 41.

Further, Deckers' allegations do not plead facts sufficient to make a claim of customer confusion plausible.[6] Deckers alleges that the design of its Bailey Button boot is "of such a unique and unusual quality that a customer would immediately rely on said design to differentiate the source of goods." *Id.* ¶ 29. However, such a sweeping conclusion is insufficient to support a claim of customer confusion, particularly when the few facts included in the Amdned Complaint indicate customers would not be confused. Exhibit 2 shows JCPenney described the Accused Boots as follows:

- "These fuzzy girls' boots show off luxurious *faux shearling* lining for a cold-weather style. The fabric-coated rubber sole is soft and durable." *Id.*, Ex. 2 (emphasis added) (describing The Original Arizona Jean Co.® branded Carmen Girls Boots-Little Kids/Big Kids); and

- "A *toggle closure* with elastic makes for easy pull-on styling. These casual suede boots with *furry lining* are just as comfy and cozy as they are fashionable." *Id.*® (emphasis added) (describing The Original Arizona Jean Co.® branded Crescent Casual Suede Boots).

*Id.* at Ex. 2.

---

[6] The Ninth Circuit uses an eight-factor test to determine the likelihood of confusion: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). Of these factors, and accepting Deckers' summary conclusions as fact, which they are not, Deckers has failed to present any facts related to actual confusion; the marketing channels used; and the degree of care likely to be exercised by the purchaser.

Other than its conclusory say-so, Deckers fails to identify any facts to support that customers are confused between the Accused Boots, which are advertised as being comprised of a "faux shearling" lining or a "fuzzy" lining and cost between $9.99 and $25.00 with Deckers' boots, which are advertised as featuring "plush Twinface sheepskin" and cost $100.00 or more.[7]

Because no facts support the essential elements of Deckers' false designation of origin/false description claim, it should be dismissed.[8]  *See, e.g., Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, Case No. C 09-5939 PJH, 2010 U.S. Dist. LEXIS 99963, at *12-13 (N.D. Cal. Sept. 9, 2010) (dismissing false designation of origin claim for failure to plead facts showing defendant used the mark in commerce to mislead the public); *Fractional Villas*, 2009 U.S. Dist. LEXIS 4191, at * 11 (dismissing false designation of origin claim in part because "[b]eyond conclusory allegations, plaintiff fails to plead any specific facts that show the unauthorized use of its intellectual property caused confusion, induced mistake, or deceived as to the affiliation of defendant with plaintiff.")

### IV. THE COURT SHOULD DISMISS ALL CLAIMS BASED ON THE D616,189 PATENT

One of the primary issues JCPenney raised in its initial motion to dismiss was that Deckers failed to identify the product or products it believed infringed the asserted patents. *See* [Dkt. No. 14-1] at 1-5.  Deckers, however, still has failed to identify any product that plausibly infringes the D616,189 patent (the "'189 patent").

---

[7] *See* Ex. 1, attached to the Declaration of Jane Ann R. Neiswender, which is being filed concurrently with this Motion to Dismiss and JCPenney's Request for Judicial Notice in Support of Defendant's Motion to Dismiss.  For the reasons stated in the Request for Judicial Notice, it is appropriate for the Court to consider these webpages when ruling on this Motion to Dismiss.

[8] Because Deckers has failed to plead facts sufficient to show customer confusion is plausible, its trade dress and "federal unfair competition" claims also should be dismissed for failure to state a claim.  *See* 15 U.S.C. § 1125(a); *Two Pesos v. Taco Cabana*, 505 U.S. 763, 776 112 S. Ct. 2753 (1992) (citations omitted).

For this reason, the Court should dismiss all of Deckers' claims related to the '189 patent.[9]

In the Amended Complaint, Deckers accuses The Original Arizona Jean Co.® Crescent and Carmen boots (depicted below) of infringement. *See* [Dkt. 18] at Ex. 2.


The Original Arizona Jean Co.®
Carmen Girls Boot


The Original Arizona Jean Co.®
Crescent Girls Boot

However, Deckers fails to explain how either of these boots plausibly infringes the '189 patent. Deckers makes no separate factual allegations for the '189 patent. Instead, Deckers simply lumps the D599,999 and '189 patents together and summarily alleges that JCPenney "has knowingly and intentionally manufactured, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the Bailey Button Design Patents . . . ." [Dkt. No. 18] ¶ 59.

Even the most cursory examination of the figures for the '189 patent demonstrates that Deckers' infringement claim against JCPenney is implausible.[10] Figures 1 and 2 of the '189 patent claim a ***tall*** boot with ***three button closures*** on the lateral side of the boot shaft:

---

[9] For infringement of a design patent, Deckers bears the burden to prove that an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed. Cir. 2008).

[10] In fact, the dissimilarity of the Accused Boots and the design claimed in the '189 patent begs the question of what pre-suit investigation Deckers made into its infringement claim and the Rule 11 basis for its claim under the '189 patent.



FIG. 2

*Id.* ¶ 16 & Ex. 1.

Among other things, the Accused Boots are **short** boots with **one toggle** closure. *See id.* at Ex. 2. Nothing in the conclusory allegations Deckers pleads demonstrates Deckers has a plausible case for infringement of the '189 patent. Accordingly, all of Deckers' claims based on the '189 patent should be dismissed.

## V. DECKERS' CLAIM FOR WILLFUL INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO ALLEGE ACTUAL KNOWLEDGE

Deckers' attempt to plead that JCPenney's conduct was willful further underscores the Amended Complaint's failure to plead facts sufficient to state plausible claims against JCPenney. For example, Deckers conclusorily alleges (based on "information and belief") that JCPenney's acts of patent infringement were "willful." [Dkt. No. 18] ¶ 63. Deckers, however, fails to state any supporting facts or that JCPenney had advance knowledge of Deckers' patents.[11] Instead, Deckers simply states that it marks its products and that "[g]iven the widespread popularity and recognition of Deckers' Bailey Button boot style and the patent notice provided in the products themselves, Plaintiff avers and hereon alleges that Defendant had

---

[11] "To willfully infringe a *patent*, the patent must exist and one must have knowledge of it." *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). In other words, "To establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

knowledge of Deckers' rights to the Bailey Button Design Patents . . . ." *Id.*, ¶ 65. Such allegations are insufficient to allege actual knowledge. *See Robert Bosch Healthcare Sys. v. Express MD Solutions, LLC*, No. C 12-00068 JW, 2012 U.S. Dist. LEXIS 98641, at *8 (N.D. Cal. July 10, 2012) (plaintiff failed to adequately plead willful patent infringement because plaintiff "failed to make out even the 'barest factual assertion' that Defendant knew of the patents-in-suit, but instead has made a mere allegation, without more, that Defendant had actual knowledge of those patents"). Further, these are the very same conclusory allegations JCPenney moved to dismiss in connection with the Original Complaint. Having had the opportunity to amend once, and having failed again to state any factual basis for its claim, this Court should dismiss Deckers' claim of willful infringement with prejudice.

## VI. DECKERS' STATE LAW UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED

Deckers' Fifth Cause of Action for Unfair Competition under California common law should be dismissed as preempted. As the Ninth Circuit has explained, "[p]reemption analysis involves determining whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action so that it is *qualitatively* different . . . ." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1440 (9th Cir. 1993) (quotation omitted). Accordingly, "preemption law . . . requires analysis of each theory [of unfair competition] to determine whether it contains the necessary qualitatively different extra element . . . ." *Id.* (quotation omitted).

Here, there is no "extra element" that distinguishes Deckers' state-law claims from its federal claims. *Id.* at 1442 (holding state-law unfair competition claim preempted because plaintiff did not identify any extra element that would provide it with relief for unfair competition under California law and explaining "[t]o the extent that [plaintiff] may complain that [defendant] has 'pirated' its lathe by employing a particularly unfair method of copying, such a claim is preempted by federal law").

Deckers pleads no new facts in support of its state-law claims. *See* [Dkt. No. 18] ¶¶ 68-75. Instead, the Amended Complaint simply incorporates by reference Deckers' averments made in connection with its federal claims. *Id.* ¶ 68. Nor does Deckers plead any additional legal theories to support its state-law claim. To the contrary, Deckers pleads that "Defendant's infringement of Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents constitutes unfair competition in violation of the common law of the State of California." *Id.* ¶ 69. Accordingly, there is nothing "extra" in connection with Deckers' state-law claim, and the Court should dismiss it as preempted. *See Summit*, 7 F.3d at 1442; *Capcom Co. v. MKR Grp., Inc.*, No. C 08-0904 RS, 2008 U.S. Dist. LEXIS 83836, at * 44-45 (N.D. Cal. Oct. 10, 2008) (dismissing California common law trademark infringement claim as preempted and explaining "[i]t appears that the trademark infringement and dilution counterclaims that MKR raises under California common law are exactly the types of claims that federal trademark law is designed to preempt especially where, as here, the rights holder does not allege a single new fact or element in support of those counterclaims").

## VII. **CONCLUSION**

For these reasons, JCPenney respectfully moves the Court to dismiss Deckers' claims for (1) trade dress infringement; (2) false designation of origin/false description; (3) federal unfair competition; (4) infringement of the '189 patent; and (5) unfair competition under California common law.

Dated: August 6, 2014                J. C. Penney Company, Inc.


By: */s/ Jane Ann Neiswender*

**Jane Ann R. Neiswender**
Attorneys for Defendant
J. C. Penney Company, Inc.

| | |
|---|---|
| Dated: August 6, 2014 | Freeman Freeman & Smiley, LLP |
| | By: _/s/ Todd M. Lander_ |
| | **Todd M. Lander**<br>Attorneys for Defendant<br>J. C. Penney Company, Inc. |