1  TODD M. LANDER (BAR NO. 173031)
   todd.lander@ffslaw.com
2  ARASH BERAL (BAR NO. 245219)
   arash.beral@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
4  1888 Century Park East, Suite 1900
   Los Angeles, California 90067
5  Tele.: 310-255-6100
   Fax:  310-255-6200
6
7  JANE ANN R. NEISWENDER (admitted *pro hac vice*)
   jneiswen@jcp.com
8  Legal Department
   J. C. Penney Corporation, Inc.
9  6501 Legacy Drive
   Plano, Texas 75024
10 Tele.: 972-431-5125
   Fax:  972-531-5125
11
12 Attorneys for Defendant
   J. C. Penney Company, Inc.
13
14            UNITED STATES DISTRICT COURT FOR THE
15              CENTRAL DISTRICT OF CALIFORNIA
16
17 DECKERS OUTDOOR CORPORATION )
   a Delaware Corporation,       )  Case No. 14-cv-02565-ODW(MANx)
18                               )
19              Plaintiff,       )
                                 )
20      v.                       )  **DEFENDANT J. C. PENNEY**
                                 )  **COMPANY, INC.'S ANSWER TO**
21                               )  **FIRST AMENDED COMPLAINT**
   J. C. PENNEY COMPANY, INC., a )  **AND AFFIRMATIVE DEFENSES**
22 Delaware Corporation; and DOES 1-10, )
   inclusive,                    )  Judge: Honorable Otis D. Wright
23                               )
24              Defendants.      )
                                 )  Trial Set: January 5, 2016
25                               )
26 _____ )
27
28

1  Pursuant to the Court's September 8, 2014, Order Granting in Part Motion to
2  Dismiss with Partial Leave to Amend (the "Sept. 8 Order") [Doc. 30], Defendant J. C.
3  Penney Company, Inc.[1] ("JCPenney") answers the remaining allegations in
4  Plaintiff's First Amended Complaint for Damages and Equitable Relief [Doc. 18]
5  dated July 2, 2014, (the "Complaint") as follows:

6  **JURISDICTION AND VENUE**

7  1.   JCPenney admits that the Complaint purports to allege trade dress
8  infringement and unfair competition under the Lanham Act, as well as patent
9  infringement under the patent laws of the United States.  JCPenney denies Plaintiff
10  brings unfair competition claims under California state law as such claims were
11  dismissed by the Court with prejudice.  *See* Sept. 8 Order.  JCPenney admits this
12  Court has subject matter jurisdiction.

13  2.   JCPenney admits the Court has personal jurisdiction.  JCPenney
14  Company, Inc. is a holding company.  J. C. Penney Corporation, Inc. is a subsidiary
15  of J. C. Penney Company, Inc. and does business in California.

16  3.   JCPenney admits that venue is proper in this Court.  JCPenney denies
17  the remaining allegations in paragraph 3.

18  **THE PARTIES**

19  4.   JCPenney lacks knowledge or information sufficient to form a belief
20  about the truth of the allegations set forth in paragraph 4 and, therefore, denies them.

21  5.   JCPenney admits that it is a Delaware corporation with its principal
22  place of business at 6501 Legacy Drive, Plano, Texas 75024.

23  6.   JCPenney lacks knowledge or information sufficient to form a belief
24  about the truth of the allegations set forth in paragraph 6 and, therefore, denies them.

25

26

27  [1] Plaintiff erroneously named J. C. Penney Company, Inc., a holding company, as the defendant in
this action.  The proper defendant is J. C. Penney Corporation, Inc.
28

7.     JCPenney lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 and, therefore, denies them.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8.     JCPenney lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 and, therefore, denies them.

9.     JCPenney admits that certain footwear bearing the UGG® trademark is sold by retailers in the United States and is offered for sale on the website addressable as www.uggaustralia.com.  JCPenney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in the first and second sentences of paragraph 9 and, therefore, denies them.  JCPenney denies the remaining allegations of paragraph 9.

10.     Denied.

11.     JCPenney lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 and, therefore, denies them.

12.     JCPenney lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 and, therefore, denies them.

13.     JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress.  JCPenney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in the first sentence of  paragraph 13 and, therefore, denies them.  JCPenney denies the allegations set forth in the second sentence of paragraph 13.

14.     JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress.  JCPenney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 14 and, therefore, denies them.

15.     JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress.     JCPenney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 15 and, therefore, denies them.

16.     JCPenney admits that U. S. Patent No. D599,999 appears to have been issued on September 15, 2009, and that U. S. Patent No. D616,189 appears to have been issued on May 25, 2010.     JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress.     JCPenney denies the remaining allegations set forth in paragraph 16.

17.     JCPenney lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 and, therefore, denies them.

18.     JCPenney admits that J. C. Penney Corporation, Inc. is engaged in the retail sale of various consumer products, including apparel, home furnishings, and footwear.     JCPenney denies the remaining allegations in paragraph 18.

19.     JCPenney admits that Plaintiff attached as Exhibit 2 to the Complaint copies of web pages, which purport to identify the boots Plaintiff accuses of infringement.     JCPenney denies the remaining allegations in paragraph 19.

20.     Denied.

21.     JCPenney admits that J. C. Penney Corporation, Inc. operates retail stores in the continental United States and Alaska, including stores located in California.     JCPenney further admits that customers can purchase products online through a website addressable as www.jcpenney.com, which is operated by J. C. Penney Corporation, Inc.     JCPenney denies the remaining allegations in paragraph 21.

22.     JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress.     JCPenney further denies that it requires a license or any other form of permission from Deckers with respect to the patents-in-suit.

JCPenney admits that Deckers has not granted JCPenney a license to the patents-in-suit.

23.   Denied.

24.   Denied.

25.   Denied.

26.   Denied.

## FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement)

27.   JCPenney repeats and incorporates by reference its answers to the allegations in paragraphs 1-26, as if fully set forth herein.

28.   Denied.

29.   Denied.

30.   JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress.   JCPenney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 30 and, therefore, denies them.

31.   Denied.

32.   Denied.   JCPenney further avers that the Court has dismissed with prejudice Plaintiff's false designation of origin/false description claim.   *See* Sept. 8 Order.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin and False Description)

37.     JCPenney repeats and incorporates by reference its answers to the allegations in paragraphs 1-36, as if fully set forth herein.

38-45.        JCPenney states that no response to paragraphs 38-45 is necessary as the Court has dismissed Plaintiff's claim for False Designation of Origin and False Description with prejudice. *See* Sept. 8 Order.  To the extent a response is deemed necessary, JCPenney denies the allegations set forth in paragraphs 38-45.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

46.     JCPenney repeats and incorporates by reference its answers to the allegations in paragraphs 1-45, as if fully set forth herein.

47.     JCPenney denies that the elements identified in paragraph 9 of the Complaint constitute trade dress. JCPenney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 47 and, therefore, denies them.

48.     Denied.

49.     Denied.

50.     JCPenney states that no response to paragraph 50 is necessary as the Court has dismissed Plaintiff's claim for False Designation of Origin and False Description with prejudice. *See* Sept. 8 Order.  To the extent a response is deemed necessary, JCPenney denies the allegations set forth in paragraph 50.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

1    56.    Denied.

2                    **FOURTH CLAIM FOR RELIEF**
3                **(Patent Infringement – 35 U.S.C. § 271)**

4    57.    JCPenney repeats and incorporates by reference its answers to the
5    allegations in paragraphs 1-56, as if fully set forth herein.

6    58.    JCPenney lacks knowledge or information sufficient to form a belief
7    about the truth of the allegations set forth in paragraph 58 and, therefore, denies
8    them.

9    59.    Denied.

10   60.    Denied.

11   61.    Denied.

12   62.    Denied.

13   63.    JCPenney states that no response to paragraph 63 is necessary as the
14   Court has dismissed Plaintiff's claim for willful infringement.  *See* Sept. 8 Order.  To
15   the extent a response is deemed necessary, JCPenney denies the allegations set forth
16   in paragraph 63.

17   64.    JCPenney lacks knowledge or information sufficient to form a belief
18   about the truth of the allegations set forth in paragraph 64 and, therefore, denies
19   them.

20   65.    JCPenney states that no response to paragraph 65 is necessary as the
21   Court has dismissed Plaintiff's claim for False Designation of Origin and False
22   Description.  *See* Sept. 8 Order.  To the extent a response is deemed necessary,
23   JCPenney denies the allegations set forth in paragraph 65.

24   66.    Denied.

25   67.    Denied.

26

27

28

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition Under California Common Law)**

68.    JCPenney repeats and incorporates by reference its answers to the allegations in paragraphs 1-67, as if fully set forth herein.

69-75.    JCPenney states that no response to paragraphs 69-75 is necessary as the Court has dismissed Plaintiff's state-law claims for unfair competition with prejudice. *See* Sept. 8 Order. To the extent a response is deemed necessary, JCPenney denies the allegations set forth in paragraphs 69-75.

**PRAYER FOR RELIEF**

JCPenney denies that Plaintiff is entitled to the judgment and relief requested in the Complaint and in Plaintiff's Prayer for Relief.

1. JCPenney denies Plaintiff's request for relief in paragraph 1. JCPenney further avers that Plaintiff is not entitled to a judgment that its alleged infringement was willful as the Court has dismissed that claim. *See* Sept. 8 Order.

2. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 2 (including subparts a. - c.).

3. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 3.

4. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 4.

5. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 5.

6. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 6.

7. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 7 as no basis for treble damages exists.

8. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 8 as the Court has dismissed Plaintiff's claim for willful infringement. *See* Sept. 8 Order.

9. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 9.

10. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 10.

11. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 11 as the Court dismissed with prejudice Plaintiff's California state-law claims. *See* Sept. 8 Order.

12. JCPenney denies Plaintiff is entitled to the relief requested in paragraph 12.

## GENERAL DENIAL

JCPenney denies each and every allegation, matter, or thing contained in the Complaint, expressed or implied, not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any or that any of the following is not already as issue by virtue of the foregoing denials, and without prejudice to JCPenney's right to plead additional defenses as discovery into the facts of the matter warrant, JCPenney hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each cause of action within it, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims are barred by the doctrine of fair use.

## THIRD AFFIRMATIVE DEFENSE

3.     JCPenney has not used Plaintiff's designs as trade dress in commerce.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's trade dress is functional.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's trade dress is non-distinctive.

## SIXTH AFFIRMATIVE DEFENSE

6.      JCPenney has not infringed and is not infringing (either literally and/or under the doctrine of equivalents) any claim of U.S. Patent Nos. D599,999 and/or D616,189 (the "patents-in-suit").

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The claims of the patents-in-suit are invalid, void, and/or unenforceable for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code including, without limitation, Sections 101, 102, 103, 112, and 171.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiff is estopped from construing any valid claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered for sale by JCPenney because of admissions and statements to the United States Patent and Trademark Office in the specification of those patents during prosecution of the applications leading to the issuance of those patents.

**NINTH AFFIRMATIVE DEFENSE**

9.      Plaintiff's claims for damages, if any, for alleged infringement of the patents-in-suit are limited by 35 U.S.C. §§ 286, 287, 288 and/or 289.

**TENTH AFFIRMATIVE DEFENSE**

10.      Plaintiff's claims are barred by the applicable statutes of limitation.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Plaintiff's claims are barred, in whole or in part, by equitable doctrines of laches, waiver, unclean hands, acquiescence, and/or estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      JCPenney's investigation of its defenses is continuing, and JCPenney expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

WHEREFORE, JCPenney respectfully requests that the Court:

a.      Enter judgment in favor of JCPenney on all claims asserted in the Complaint;

b.      Dismiss with prejudice the Complaint and all claims in it;

c.      Declare that Plaintiff's claimed trade dress and the patents-in-suit are invalid and unenforceable;

d.      Award JCPenney reasonable attorneys' fees and costs; and

e.      Grant JCPenney such other and further relief as may be proper and just.

Dated:  October 13, 2014                    J. C. Penney Company, Inc.


                                            By: _____*s/ Todd M. Lander*_____
                                                  Todd M. Lander (SBN 173031)
                                            FREEMAN, FREEMAN & SMILEY, LLP

                                            Jane Ann R. Neiswender
                                            Legal Department
                                            JCPenney

                                            Attorneys for Defendant
                                            J. C. Penney Company, Inc.