1  **Todd M. Lander (SBN 173031)**
2  todd.lander@ffslaw.com
   **FREEMAN, FREEMAN & SMILEY, LLP**
3  1888 Century Park East, Suite 1900
   Los Angeles, California 90067
4  Tel.: 310-255-6100
5  Fax:  310-255-6200

6
   **Jane Ann R. Neiswender (admitted *pro hac vice*)**
7  jneiswen@jcp.com
   Legal Department
8  JCPenney
9  6501 Legacy Drive
   Plano, Texas 75024
10 Tel.: 972-431-5125
11 Fax: 972-531-5125

12
   Attorneys for Defendant
13 J. C. Penney Corporation, Inc.

14              **UNITED STATES DISTRICT COURT FOR THE**
15                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION a Delaware Corporation, | Civil Action No. 14-cv-02565-ODW(MANx) |
| Plaintiff, | Judge: Honorable Otis D. Wright |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF J. C. PENNEY CORPORATION, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| J. C. PENNEY CORPORATION, INC., a Delaware Corporation; CALSON INVESTMENT LIMITED, a Foreign Business Entity; and DOES 1-10, inclusive, | |
| Defendants. | Date:   March 9, 2015<br>Time:   1:30 p.m.<br>Ctrm:   11 |
| | Second Am. Compl. Filed: Jan. 6, 2015<br>Trial Date:   Jan. 19, 2016 |

---

1
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. PLEADING STANDARD ..................................................................................... 3

III. THE COURT SHOULD DISMISS DECKERS' CLAIMS FOR WILLFUL INFRINGEMENT AND FOR TREBLE DAMAGES .......................................... 4

    A. Deckers Attempts to Artfully Plead Willful Patent Infringement to Circumvent the Court's Order ..................................................................... 4

    B. To the Extent Deckers Has Pleaded Willful Trade Dress Infringement, Such Claims Should Be Dismissed ............................................................. 6

IV. DECKERS' TRADE DRESS CLAIMS, LIKE THOSE IN THE INITIAL COMPLAINT, ARE NOT PLEADED PROPERLY AND SHOULD BE DISMISSED WITH PREJUDICE ........................................................................ 8

V. DECKERS' STATE LAW CLAIMS SHOULD BE DISMISSED AGAIN ........ 9

VI. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................ 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955, (2007) ............................................................ 3, 7

*Capcom Co. Ltd. v. MKR Group, Inc*
    No. C 08-0904 RS, 2008 U.S. Dist. LEXIS 83836, at *44-45 (N.D. Cal. Oct. 10, 2008). ........................................................................................................ 10

*citing Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F. Supp. 2d 1168 (N.D. Cal. 2007) ............................................................................................................ 8

*Del Mar Avionics, Inc. v. Quintron Instrument Co.*
    836 F.2d 1320 (Fed. Cir. 1987) ........................................................................ 4

*Ellison Educ. Equip., Inc. v. Chen*
    Case No. SACV 02-1184-JVS (ANx), 2004 U.S. Dist. LEXIS 26947, at *40 (C.D. Cal. Dec. 21, 2004) .............................................................................. 6, 7

*Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*
    593 F. Supp. 2d 1088 (N.D. Cal. 2009) ........................................................... 5

*George & Co., LLC v. Alibaba.com, Inc.*
    Case No. 2:10-cv-719-FtM-29DNF, 2011 U.S. Dist. LEXIS 143365, at *7 (M.D. Fla. Dec. 13, 2011) ................................................................................ 7

*Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ............................................................................ 3

*Gracie v. Gracie*
    217 F.3d 1060 (9th Cir. 2000) .......................................................................... 6

*In re Seagate Tech., LLC*
    497 F.3d 1360 (Fed. Cir. 2007) ..................................................................... 4, 5

*Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*
    No 04-CV-2293, 2007 U.S. Dist. LEXIS 1404, at *41-42 (E.D.N.Y. Jan. 8, 2007) ................................................................................................................ 7

*Lindy Pen Co. v. Bic Pen Corp.*
    982 F.2d 1400 (9th Cir. 1993) .......................................................................... 7

*Octane Fitness, LLC v. Icon Health & Fitness,* __ U.S. __, 134 S. Ct. 1749 (2014) ......... 5

*Olem Shoe Corp. v. Wash. Shoe Co.*
  Case No. 09-23494-CIV-HUCK/BANDSTRA, 2011 U.S. Dist. LEXIS
  138285, at *79 (S.D. Fla. Dec. 1, 2011) .................................................................. 6

*Peer Int'l Corp. v. Pausa Records, Inc.*
  909 F.2d 1332 (9th Cir. 1990) .................................................................................. 6

*Salt Optics, Inc. v. Jand, Inc.*
  Case No. SACV 10-0828 DOC (RNBx), 2010 U.S. Dist. LEXIS 131388, at
  *14 (C.D. Cal. 2010) ............................................................................................ 8, 9

*See Sleep Sci. Partners v. Lieberman*
  Case No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385, at *8-9 (N.D. Cal.,
  May 10, 2010) .......................................................................................................... 8

*Sollberger v. Wachovia Secs., LLC*
  Case No. SACV 09-0766 (ANx), 2010 U.S. Dist. LEXIS 66233, at *11
  (C.D. Cal. June 30, 2010) ........................................................................................ 3

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*
  7 F.3d 1434 (9th Cir. 1993) ..................................................................................... 9

**Statutes**

35 U.S.C. § 284 .................................................................................................... 4, 5

35 U.S.C. § 285 ....................................................................................................... 5

Fed. R. Civ. P. 12(d) ............................................................................................... 6

## I. INTRODUCTION

Deckers Outdoor Corporation's ("Deckers") Second Amended Complaint ("SAC"),[1] is nothing more than a last-ditch effort to re-inject claims this Court has already dismissed and circumvent its pleading requirements. Accordingly, J. C. Penney Corporation, Inc. ("JCPenney") respectfully requests that the Court dismiss, with prejudice, three claims Deckers asserts in contravention of the Court's prior Order of dismissal and well-settled legal principles: willful patent infringement, federal trade dress infringement, and California common law trade dress infringement.

On September 8, 2014, this Court dismissed Deckers' assertions of willful patent infringement because Deckers failed to allege that JCPenney had presuit knowledge of the patents-in-suit.[2] Yet Deckers' SAC again seeks to allege willful patent infringement, again without making any allegations that JCPenney had any presuit knowledge of U.S. Patent No. 599,999 (the "'999 Patent"). Exalting form over substance, Deckers attempts to circumvent the Court's Order dismissing this claim by omitting the word "willful" from its patent infringement count, while continuing to assert damages for this count—*i.e.*, treble damages—that necessitates a finding of willfulness. But Deckers' SAC fails to allege any facts supporting willfulness or, for that matter, treble damages, despite the Court's explicit requirement that it do so. During the meet and confer process, Deckers attempted to dodge this obvious problem by claiming that it intended to assert willfulness in connection with its trade dress count. But there is no assertion to that effect in the trade dress claim, and no pleaded facts support such an allegation.

---

[1] [Dkt. No. 37].

[2] *See* September 8, 2014, Order Granting in Part Motion to Dismiss with Partial Leave to Amend, [Dkt. No. 30] ("Order"). The Court afforded Deckers leave to amend, if it could do so in compliance with Rule 11. *Id.* at 12. Deckers declined to amend within the 14 days it was given.

1

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

Deckers' federal trade dress infringement claim fails because it is predicated on the same ambiguous definition of trade dress Deckers alleged in its Original Complaint, but then withdrew when JCPenney moved to dismiss it as improperly pleaded.[3] Instead of stating the finite elements of its trade dress as required, Deckers simply lists some features and states that those, among other unidentified features, are its purported trade dress. The law prohibits defining trade dress in this manner because it allows Deckers to change or expand the definition as the case goes forward. Were that not enough, Deckers fails to allege which elements of its so-called trade dress JCPenney allegedly infringed.

Deckers' California common law claim for trade dress infringement is also an attempt to circumvent the Court's Order, which dismissed with prejudice Deckers' state common law unfair competition count as preempted. Deckers' new state-law trade dress claim is nothing other than its dismissed unfair competition claim masquerading under a new name. The allegations Deckers makes in the SAC are substantively indistinguishable from the counts this Court dismissed last September. No facts distinguish it from Deckers' federal trade dress infringement claim, and no facts provide the "extra element" required to survive preemption. Beyond that, the claim is based on the same ambiguous definition of trade dress found in the Lanham Act count, and fails on that additional basis. The Court should dismiss it with prejudice—just as the Court did with Deckers' unfair competition claim.

The SAC, far from narrowing the issues between the parties, is a shotgun pleading that, in its confusion and imprecision, deprives JCPenney of notice concerning what precisely is at issue, and thus denies JCPenney the ability to meaningfully respond.[4] Deckers has had more than sufficient time to get its pleading

---

[3] The SAC alleges, in total, claims for: (1) trade dress infringement; (2) federal unfair competition; (3) patent infringement; and (4) state common trade dress infringement.

[4] *See Sollberger v. Wachovia Secs., LLC*, Case No. SACV 09-0766 (ANx), 2010 U.S. Dist. LEXIS 66233, at *11 (C.D. Cal. June 30, 2010) ("Shotgun pleadings are pleadings that overwhelm
(Continued...)

right, but has made the apparent decision not to do so. The Court should dismiss with prejudice Deckers' claims of willfulness, federal trade dress infringement count, and state common law trade dress infringement claim.

## II. PLEADING STANDARD

To survive a motion to dismiss, a party asserting a claim must provide sufficient facts that, if "accepted as true, . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Indeed, "a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences." Order at 3 (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

---

(...Continued)
defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable.").

## III. THE COURT SHOULD DISMISS DECKERS' CLAIMS FOR WILLFUL INFRINGEMENT AND FOR TREBLE DAMAGES

### A. Deckers Attempts to Artfully Plead Willful Patent Infringement to Circumvent the Court's Order

The Court dismissed Deckers' claim for willful patent infringement without prejudice, holding that Deckers had not pleaded that JCPenney had presuit knowledge of the patents-in-suit.[5] The Court ruled that "[i]f Deckers may do so consistent with Rule 11, it may amend its Complaint with respect to presuit knowledge, if any within 14 days. If Deckers does not amend within that timeframe, JCPenney shall file its answer to the remainder of Deckers' First Amended Complaint . . . ." Order at 12. Deckers did not amend its First Amended Complaint within that 14-day period, and JCPenney timely filed its Answer.

Deckers now attempts an end-run around the Court's Order by making backdoor allegations of willful patent infringement in its SAC. While Deckers omits the word "willful" in describing its patent infringement claim, the damages it seeks demonstrate that it continues to assert willful patent infringement against JCPenney. For example, paragraph 51 of the SAC seeks treble damages under 35 U.S.C. § 284. SAC ¶ 51 & Prayer for Relief at 9 (requesting Court to award "treble damages in the amount of Defendants' profits or Deckers' damages, whichever is greater, for willful infringement"). To recover such damages, Deckers must prove willful infringement of the '999 Patent. 35 U.S.C. § 284; *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) ("Absent a statutory guide, we have held that an award of enhanced damages requires a showing of willful infringement."); *Del Mar Avionics, Inc. v. Quintron Instrument Co.*, 836 F.2d 1320, 1328-29 (Fed. Cir. 1987); *Funai Elec. Co.*,

---

[5] At issue in the Deckers' First Amended Complaint were U.S. Patent Nos. D 599,999 (the "'999 Patent") and D 616,189 (the "'189 Patent"). Deckers' SAC no longer alleges infringement of the '189 Patent.

*Ltd. v. Daewoo Elecs. Corp.*, 593 F. Supp. 2d 1088, 1112 (N.D. Cal. 2009) ("While § 284 does not articulate a standard for determining when it is appropriate to award enhanced damages, the Federal Circuit has held that an award of enhanced damages under § 284 requires a showing of willful infringement.") (citing *In re Seagate*, 497 F.3d at 1368).[6] Deckers has, therefore, reintroduced willful patent infringement allegations against JCPenney but has failed to provide any facts (or Rule 11 basis) supporting this claim.

As this Court explained, Deckers "must plead presuit knowledge in order to adequately plead willful infringement." Order at 9 (citations omitted). Deckers fails to plead such facts—again. Instead, the SAC simply incorporates "the averments of the preceding paragraphs as though fully set forth herein." SAC ¶ 41. Among those averments are paragraphs 19-21, which allege that JCPenney had knowledge of Deckers' "rights to the Bailey Button styles" given the styles' "widespread popularity and recognition" and that (based on information and belief) JCPenney allegedly "copied Deckers' Bailey Button boot styles," and "have acted in bad faith." SAC ¶¶ 19-21. These are the very same conclusory allegations JCPenney moved to dismiss in connection with the First Amended Complaint, and which the Court held were insufficient to state a claim for willful patent infringement. Order at 8-10. Having had the opportunity to amend twice, and having failed again to state any factual basis for its claim, this Court should dismiss Deckers' claim of willful infringement with prejudice and preclude Deckers from seeking treble damages on this basis.

---

[6] Deckers also seeks attorneys' fees under 35 U.S.C. § 284. Section 284, however, does not permit recovery of such fees. To the extent that Deckers seeks attorneys' fees based upon its patent claim, it must satisfy the requirements of 35 U.S.C. § 285 and show that this is an exceptional case. *See Octane Fitness, LLC v. Icon Health & Fitness*, __ U.S. __, 134 S. Ct. 1749, 1752-54 (2014). Deckers has pleaded no facts to support a claim that this is an exceptional case.

### B. To the Extent Deckers Has Pleaded Willful Trade Dress Infringement, Such Claims Should Be Dismissed

In connection with meeting and conferring on this Motion to Dismiss, Deckers' counsel justified the continued presence of allegations of willfulness (and its request for treble damages) by arguing that its willfulness allegations applied to its trade dress infringement claim.[7] *See* Jan. 9 and 13, 2015, emails from C. Chan to T. Lander, attached as Exs. 2 and 3.[8] The Court should dismiss Deckers' willful trade dress claim (to the extent it is made in the SAC) because Deckers has failed to plead any facts sufficient to support it.

To prove willful trade dress infringement, Deckers must plead facts sufficient to show that JCPenney "acted with knowledge that [its] conduct constituted infringement." *Ellison Educ. Equip., Inc. v. Chen*, Case No. SACV 02-1184-JVS (ANx), 2004 U.S. Dist. LEXIS 26947, at *40 (C.D. Cal. Dec. 21, 2004) (citing *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 n.3 (9th Cir. 1990) and *Gracie v. Gracie*, 217 F.3d 1060, 1068-69 (9th Cir. 2000)). *See also Olem Shoe Corp. v. Wash. Shoe Co.*, Case No. 09-23494-CIV-HUCK/BANDSTRA, 2011 U.S. Dist. LEXIS 138285, at *79 (S.D. Fla. Dec. 1, 2011) (stating standard for willfulness in trade dress case was "whether the defendant had knowledge that [its] conduct represented infringement or perhaps recklessly disregarded the possibility"); *Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*, No 04-CV-2293, 2007

---

[7] Interestingly, Deckers fails to plead for treble damages in its claim for trade dress infringement, suggesting that it is not alleging willful trade dress infringement. *See* SAC ¶¶ 22-33.

[8] JCPenney provides this information as a means of assisting the Court in understanding Deckers' purported justification for its continued attempt to plead willfulness notwithstanding the Court's Order dismissing willfulness allegations. This reference to the position Deckers asserted during the meet and confer process is proper for the Court to hear, not as evidence, but rather to provide an understanding of how Deckers is attempting to justify its insistence on re-asserting these allegations. This is not, as a result, a matter outside the pleadings under FED. R. CIV. P. 12(d), and its recital does not require or support this Motion being treated as one for summary judgment.

U.S. Dist. LEXIS 1404, at *41-42 (E.D.N.Y. Jan. 8, 2007) (same). As the Ninth Circuit has noted, "[w]illfulness . . . require[s] a connection between a defendant's awareness of its competitors and its actions at those competitors' expense" and that "[w]illful infringement carries a connotation of deliberate intent to deceive." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993) (quotation omitted).

Deckers' SAC pleads no facts sufficient to meet these standards. For example, Deckers' allegations in paragraphs 20 and 21 are nothing other than legal conclusions couched as factual allegations based on Deckers' information and belief. *See* SAC ¶¶ 20-21. Such allegations are insufficient to state a claim for willful trade dress infringement. *See, e.g., Twombly*, 550 U.S. at 557; *Lindy Pen Co.*, 982 F.2d at 1406-7; *Ellison*, 2004 U.S. Dist. LEXIS 26947, at *40; *George & Co., LLC v. Alibaba.com, Inc.*, Case No. 2:10-cv-719-FtM-29DNF, 2011 U.S. Dist. LEXIS 143365, at *7 (M.D. Fla. Dec. 13, 2011) ("Reciting a laundry list of vague factual statements based upon 'information and belief' and then baldly asserting that defendants' acts constitute trademark infringement, federal unfair competition, . . . etc. is insufficient.").

The only other potential "factual" basis for its willful infringement claims stems from paragraph 19, which contains Deckers bare assertion that JCPenney had knowledge of its trade dress "[g]iven the widespread popularity and recognition of Deckers' Bailey Button styles". SAC ¶ 19. As the Court previously concluded when it dismissed Deckers' willful patent infringement claims, such an allegation fails to plead any facts related to whether JCPenney acted with knowledge that its conduct constituted infringement. Order at 9-10; *see also Ellison*, 2004 U.S. Dist. LEXIS 26947, at *40.

Because Deckers has not pleaded any facts sufficient to support a claim of willful trade dress infringement, this Court should dismiss it and Deckers' claim for treble damages.

## IV. DECKERS' TRADE DRESS CLAIMS, LIKE THOSE IN THE INITIAL COMPLAINT, ARE NOT PLEADED PROPERLY AND SHOULD BE DISMISSED WITH PREJUDICE

Deckers' trade dress claim is also deficient because it does not articulate the claimed trade dress with the requisite particularity. Any plaintiff asserting trade dress infringement must identify the allegedly protected trade dress with precision so that the defendant is placed on notice of the claims made against it. *See e.g. Salt Optics, Inc. v. Jand, Inc.*, Case No. SACV 10-0828 DOC (RNBx), 2010 U.S. Dist. LEXIS 131388, at *14 (C.D. Cal. 2010) ("A plaintiff must clearly articulate its claimed trade dress to give a defendant sufficient notice"), *citing Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F. Supp. 2d 1168, 1174 (N.D. Cal. 2007).

Deckers has not met this standard. The SAC instead alleges that that the so-called Bailey Button Boot Trade Dress is "characterized, *inter alia*," by several features, and then lists what are apparently some, but not all, of those features. *See* SAC ¶ 23. This form of open-ended and inchoate pleading of trade dress is improper under the law because it leaves open the possibility that Deckers will re-define or expand its "trade dress" as the case progresses. For this reason alone, the Court should dismiss Deckers' federal trade dress claim. *See Sleep Sci. Partners v. Lieberman*, Case No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385, at *8-9 (N.D. Cal., May 10, 2010) (dismissing trade dress claim and noting "[a]lthough it has catalogued several components of its website, Plaintiff has not clearly articulated which of them constitute its purported trade dress. Notably, Plaintiff employs language suggesting that these components are only some among many, which raises a question of whether it intends to redefine its trade dress at a future stage of litigation. Without an adequate definition of the elements comprising the website's 'look and feel,' [Defendant] is not given adequate notice.").

This is not the first time Deckers has attempted this tactic. Deckers' initial Complaint similarly purported to define the trade dress as including, among other

things, various listed features. [Dkt. No. 1] at 3, ¶ 10. JCPenney moved to dismiss the claim on that basis, but Deckers filed its First Amended Complaint before the scheduled hearing on the Motion and removed the modifying language from the definition. Now, inexplicably, Deckers has restored this impermissible ambiguity to its trade dress claim, requiring JCPenney to renew its Motion to Dismiss.

Adding to the uncertainty, Deckers does not allege which of the listed elements JCPenney has infringed. The SAC instead concludes summarily that the "Infringing Products produced, distributed, advertised and offered for sale by Defendants bear nearly identical reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval of Defendants' products." SAC ¶ 29. That constitutes merely a generic recitation of the elements of the trade dress claim, and does not provide facts sufficient to place JCPenney on adequate notice of what it allegedly did or did not do giving rise to this count. *See Salt Optics, Inc.*, 2010 U.S. Dist. LEXIS 131388 at *13-17. This claim should be dismissed with prejudice as a result.

## V. DECKERS' STATE LAW CLAIMS SHOULD BE DISMISSED AGAIN

Deckers' First Amended Complaint asserted unfair competition under California common law based on JCPenney's alleged infringement of the Bailey Button Boot Trade Dress and Design Patents. [Dkt. No. 18] at 12-13, ¶¶ 68-75. This Court properly found that claim preempted in accordance with well-settled principles of law, namely that a state law claim is preempted where it lacks any extra element rendering it "qualitatively different" from its federal counterpart. *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1440 (9th Cir. 1993) ("Preemption analysis involves determining whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action so that it is *qualitatively* different [. . .] preemption law . . . requires analysis of each theory to determine whether it contains the necessary qualitatively different extra element.") (emphasis in original) (quotations and citations omitted).

The common law trade dress count in the SAC is preempted for the same reason, and is even less distinguishable from the federal claims than its predecessor in the First Amended Complaint. Indeed, Deckers' common law trade dress allegations are little more than a generic re-assertion of the basis of the Lanham Act count: "Defendants' infringement of the Bailey Button Boot Trade Dress constitutes common law trade dress infringement in violation of the common law of the state of California." SAC ¶ 53. There are no other substantive allegations, and certainly no additional facts suggesting an "extra element" that could somehow save this claim from dismissal. To the contrary, Deckers took the federal trade dress count and simply added a duplicative and ancillary state claim based on identical facts.

This form of bootstrapping is precisely what preemption is intended to preclude. In *Capcom Co. Ltd. v. MKR Group, Inc.*,[9] for example, the Northern District dismissed a state trademark claim under largely analogous circumstances. The plaintiff there, a video developer and distributor named Capcom, sued the owner of the copyrights and trademarks concerning the film Dawn of the Dead, for declaratory relief—seeking a declaration that a particular video game did not infringe on those copyrights and trademarks. The defendant, MKR, counterclaimed for copyright infringement, Lanham Act violation, unfair business practices under California law, and common law trademark infringement. Like Deckers, MKR merely recited the facts underlying its Lanham Act claim in purporting to state the state trademark count. The Central District made quick work of that sweeping conclusion, observing that "[i]t appears that the trademark infringement and dilution counterclaims that MKR raises under California common law are exactly the types of claims that federal trademark law is designed to preempt especially where, as here,

---

[9] No. C 08-0904 RS, 2008 U.S. Dist. LEXIS 83836, at *44-45 (N.D. Cal. Oct. 10, 2008).

the rights holder does not allege a single new fact or element in support of those counterclaims." *Id.* at *45.

This principle applies here, and demands that Deckers' state-law trade dress claim be dismissed. Deckers has not alleged a single new fact or element in the common law trade dress claim distinguishing it in any way from the federal trade dress count. In fact, perhaps most striking is that this claim is also substantively indistinguishable from the California common law unfair competition claim made in the First Amended Complaint, which this Court already dismissed. Deckers merely took that claim, reasserted it in this most recent pleading and placed a new label on it: common law trade dress infringement. Other than that, it is effectively the same claim for relief, based on the same facts. The Court rightly dismissed Deckers' state-law unfair competition claim, and should dismiss this claim with prejudice for the same reasons.

## VI. CONCLUSION

For these reasons, JCPenney respectfully requests that the Court dismiss with prejudice Deckers' willfulness claims as well as its federal and state law trade dress claims. JCPenney further requests such other relief as the Court deems just and proper.

Dated: February 2, 2015                          J. C. Penney Corporation, Inc.

By: ___/s/ Todd M. Lander___
Todd M. Lander (SBN 173031)
FREEMAN, FREEMAN & SMILEY, LLP

Jane Ann R. Neiswender
Legal Department
JCPenney

Attorneys for Defendant
J. C. Penney Corporation, Inc.